# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **SHANEKA R. GRANT,** | CASE NO. 3:21 CV 2394 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **BJT EXPRESS, INC., et al.,** | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

## INTRODUCTION

This case involves a motor vehicle accident between Defendant Salbadi Roman (driving for Defendants Arka Express, Inc., Spider Logistics, and/or BJT Express, Inc.) and Plaintiff Shaneka R. Grant. *See* Doc. 1-1. Currently pending before the Court is Defendants' Motion for Partial Judgment on the Pleadings (Doc. 8), to which Plaintiff has filed an Opposition (Doc. 11), and Defendants replied (Doc. 12). Jurisdiction is proper under 28 U.S.C. § 1332. For the following reasons, the Court grants Defendants' motion.

## BACKGROUND

In her Complaint, Plaintiff asserts that on December 3, 2019 at approximately 2:40 P.M., she was stopped in traffic on the 1600 block of East Fourth Street in Lima, Ohio behind Defendant Roman, who was driving a commercial truck owned and maintained by Defendants BJT Express, Arka Express, and/or Spider Logistics. (Doc. 1-1, at ¶¶ 10-11). Defendant Roman was also at a complete stop. *Id.* at ¶ 11. Roman then "began to back up his commercial vehicle while attempting to make a turn." *Id.* at ¶ 12. He "failed to see [Plaintiff's] vehicle, and struck

the front of her vehicle." *Id.* at ¶ 13. Plaintiff asserts negligence claims as to each Defendant. *See id.* at ¶¶ 15-54.

As to Roman, Plaintiff asserts he was negligent in the following ways: (1) "improper backing up of his vehicle"; (2) "failing to maintain a diligent and proper lookout"; (2) "failing to keep his vehicle under control"; (4) "driving in a reckless manner"; (5) violating state trucking regulations and Federal Motor Carrier Safety Regulations; and (6) "otherwise failing to operate his vehicle in a safe and prudent manner in view of the conditions and circumstances that existed at the time of the incident." *Id.* at ¶ 13.

As to BJT Express, Arka Express, and Spider Logistics, Plaintiff asserts each is liable for Roman's actions on the basis of *respondeat superior* (*id.* at ¶¶ 25, 34, 43) and each was also negligent in the following ways: (1) negligently hiring of, training of, entrusting with, retaining of, or supervision of Roman to drive and/or inspect the tractor-trailer; (2) failing to conduct proper background checks; (3) failing to exercise ordinary care to determine employees', agents' or contractors' fitness for commercial driving; (4) failing to have or enforce an appropriate policy on properly and safely performing the backing up of its vehicles; (5) failing to properly maintain the tractor-trailer; (6) negligently routing Roman or negligently permitting Roman to back his vehicle while attempting to make illegal and dangerous turns; (7) violating state laws and federal regulations governing trucking companies; and (8) failing to act as a reasonably prudent company under the circumstances. *Id.* at ¶¶ 27, 36, 45.

Plaintiff further asserts each Defendant's "actions demonstrate a conscious disregard for the rights and safety of Plaintiff and the rest of the motoring public" and as such she is entitled to punitive damages. *Id.* at ¶¶ 12, 21, 30, 39, 48.

Plaintiff asserts that as a result of Defendants' negligence, she suffered physical injury, pain and suffering, lost wages, and incurred medical, rehabilitation, and treatment expenses. *Id.* at ¶¶ 18-21, 29-30, 38-39, 47-48.

Defendants answered the Complaint (Doc. 14), and simultaneously filed the pending motion for partial judgment on the pleadings (Doc. 13).

### STANDARD OF REVIEW

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). The pleadings must demonstrate sufficient factual matter that, when taken as true, states a claim which is "plausible on its face." *Bell Atl. Corp. v. Twombly* 550 U.S. 544, 470 (2007). A court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555 (a "formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss).

### DISCUSSION

Defendants move for judgment on the pleadings on Plaintiff's claim for punitive damages, asserting Plaintiff has only recited the elements of such a claim, but has not pled any facts in support. (Doc. 8). Plaintiff opposes, arguing she has adequately pled such a claim, and that it would be premature to dismiss such her punitive damages claim prior to discovery. (Doc. 10). The Court finds Defendants' arguments well-taken and grants the motion.

Punitive damages are available on tort claims under Ohio law only when "the actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud or that

defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate." Ohio Rev. Code § 2315.21(C)(1). "Actual malice", for these purposes, is "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty*, 32 Ohio St. 3d 334, 336 (1987). The actions of a defendant must rise above mere negligence to be considered actual malice. *Id.* at 335. "The focus is on the actor's conscious disregard of an almost certain risk of substantial harm. This distinguishes 'malicious' from 'non-malicious' conduct." *Kuebler v. Gemini Transp.*, 2013 WL 6410608, at *5 (S.D. Ohio). Because punitive damages are assessed as punishment and not for purposes of compensation, it is necessary that defendants' conduct was "conscious, deliberate or intentional" and that defendants "possess[ed] knowledge of the harm that might be caused by [their] behavior." *Preston*, 32 Ohio St. 3d at 335.

In the motor vehicle accident context, such actions that may be sufficient to award punitive damages "may include intoxication and deliberate actions to flee the scene or evade responsibility." *MacNeill v. Wyatt*, 917 F. Supp. 2d 726, 730 (S.D. Ohio 2013) (citing *Cabe v. Lunich*, 640 N.E.2d 159, 163 (Ohio 1994); *Cappara v. Schibley,* 709 N.E.2d 117, 120 (Ohio 1999); *Estate of Beavers v. Knapp*, 175 Ohio App. 3d 758, 773-74 (Ohio Ct. App. 2008)); *see also Parker v. Miller*, 2017 WL 3642372, at *2 (S.D. Ohio) (allegations defendant failed to stop before hitting a vehicle, despite having sufficient time and adequate visibility to do so, sufficient to state a claim for actual malice); *Lyons v. Estes Express Lines, Inc.*, 2015 WL 3796384, at *2 (N.D. Ohio) (allegations of distracted driving alone do not support actual malice but failing to avoid an accident after numerous warnings may amount to actual malice).

"Courts have clearly held that a claim for punitive damages cannot survive if a plaintiff only requests such damages in a prayer for relief without supporting the pleading with factual content that, if proven, would warrant punitive damages." *Reber v. Lab Corp. of Am.*, 2015 WL 7076608, at *5 (S.D. Ohio) (citing *Flex Homes, Inc. v. Ritz-Craft Corp. of Mich., Inc.*, 721 F. Supp. 2d 663, 675-76 (N.D. Ohio 2010)).

Most recently, another judge of this Court rejected an argument similar to Plaintiff's that a complaint "furnish[ed] [as] much detail . . . as is possible at [the motion to dismiss] stage of the proceedings." *Bonner v. Reliable Transp. Specialists, Inc.,* 2018 WL 4586924, at *2 (N.D. Ohio). The Court found the plaintiff offered only conclusory allegations and had not "offered any allegations concerning [defendant's] mindset at the time of the accident." *Id.* It found that stating defendant acted with "conscious disregard" was simply a legal conclusion, and "[l]egal conclusions 'masquerading' as factual allegations are not sufficient." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Plaintiff contends that she sufficiently alleges in her Complaint that Roman violated Federal Motor Carrier Safety Regulations and the Ohio CDL Manual and that such violations could show conscious disregard. (Doc. 10, at 5). She cites *Rodrick v. Danieli Corp.*, 2006 WL 8454334 (N.D. Ohio) for the proposition that she "was not required to state every single fact that she intends to prove, as all the facts surrounding Defendant Roman's training, or lack thereof, will be discovered once written discovery is exchanged and Defendants are deposed." (Doc. 10, at 5-6). She further asserts Roman's conduct of knowingly backing a large commercial vehicle up in traffic was "inherently dangerous and reckless". *Id.* at 6.

Upon review, the Court finds that similar to *Bonner*, Plaintiff's Complaint here merely repeats the "conscious disregard" standard, but offers no facts to suggest actions beyond

5

negligence or that any Defendant "conscious[ly] disregard[ed] . . . an almost certain risk of substantial harm" to rise to the level of "actual malice". *Kuebler*, 2013 WL 6410608, at *5.

Plaintiff's arguments about discovery or alleged regulatory violations do not dictate a different result. Under Ohio law, violation of an administrative rule "does not constitute negligence *per se*", but "may be admissible as evidence of negligence." *Chambers v. St. Mary's School*, 82 Ohio St. 3d 563, 568 (1998). Plaintiff cites no law to support her argument that violation of a regulation, or the Ohio CDL manual, would demonstrate the relevant "conscious disregard". And although it is true that a plaintiff need not plead every fact she intends to prove, it is also true that ""a claim for punitive damages cannot survive if a plaintiff only requests such damages . . . without supporting the pleading with factual content that, if proven, would warrant punitive damages." *Reber*, 2015 WL 7076608, at *5. As such, the Court will grant Defendants' motion as to Plaintiff's punitive damages claim.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motion for Judgment on the Pleadings as to Plaintiff's punitive damages claim be, and the same hereby is, GRANTED.


                                     s/ *James R. Knepp II*
                                     UNITED STATES DISTRICT JUDGE